IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VERONICA VALENTINE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV174 |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF OMAHA, CHIEF OF OMAHA POLICE SCHMADER, and UNKNOWN JOHN JANE DOE POLICE, | ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e).

## I. SUMMARY OF COMPLAINT

Plaintiff filed her Complaint in this case on April 19, 2016. (Filing No. 1.) The Complaint names the City of Omaha, Chief of Omaha Police Schmader, and Unknown John and Jane Doe Police as Defendants. The Complaint does not indicate whether the officers are sued in their individual or official capacities.

Plaintiff alleges that in July, 2015, Omaha Police Officers (identified as "John and Jane Doe") broke into her house with a "bogus" search warrant. (Filing No. 1 at CM/ECF p. 1.) She claims that the unknown police officers searched her vagina and anus.

Plaintiff alleges that as a result of the illegal search, she was charged and indicted for possession of a controlled substance. Also, she claims that the police officers used excessive force when they arrested her. Plaintiff requests that the court

enjoin Defendants from issuing "bogus" warrants and "enjoin any prosecution of Plaintiff arising as a result of any search perpetrated" on her. (Filing No. 1 at CM/ECF pp. 2-3.) She also seeks an award of $1,000,000.00

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that

the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

Plaintiff has not set forth viable claims in this action. The City of Omaha may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir.1990).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff does not present any factual allegations sufficient to support a claim against the City of Omaha. The closest Plaintiff comes to alleging the existence of an official policy or custom is her assertion that Defendants were issuing "bogus"

3

warrants. This conclusory allegation does not support a finding that an official policy or custom caused a violation of Plaintiff's constitutional rights. Therefore, Plaintiff's claims against the City of Omaha will be dismissed.

Plaintiff's claims against the officers will also be dismissed. Because Plaintiff's Complaint does not specify whether he is suing the officers in their official or individual capacities, this court presumes they are sued in their official capacities only. *See [Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999)](#)* ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his *official capacity* is, in reality, a claim against the entity that employs the official, in this case, the City of Omaha. *See [Parrish v. Luckie, 963 F.2d 201, 203 n.1 (8th Cir. 1992)](#)* ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted)). As mentioned above, the City of Omaha can only be liable under § 1983 if a municipal policy or custom caused Plaintiff's injury. *See [Monell v. New York Department of Social Services, 436 U.S. 658, 694 (1978)](#)*. Plaintiff has not made allegations supporting such a claim.

On the court's own motion, the court will provide Plaintiff with an opportunity to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint by June 23, 2016, that states a claim upon which relief may be granted against Defendants. Failure to file an amended complaint within the time specified by the court will result in the court

dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: June 23, 2016 check for amended complaint.

DATED this 24th day of May, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge