IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VERONICA VALENTINE, | ) | CASE NO. 8:16CV131 (LEAD CASE) |
| | ) | |
| Plaintiff, | ) | CASE NO. 8:16CV174 (MEMBER CASE) |
| | ) | |
| vs. | ) | |
| | ) | **SECOND** |
| LISA VILLWOK, #1764; and JENNIFER HANSEN, #1585, | ) | **AMENDED COMPLAINT** |
| | ) | |
| Defendants. | ) | |

Plaintiff, Veronica Valentine ("Plaintiff"), for her causes of action against Defendants, Lisa Villwok and Jennifer Hansen, states and alleges as follow:

PARTIES

1. At all times relevant hereto, Plaintiff was a resident of Omaha, Douglas County, Nebraska.

2. At all times relevant hereto, defendant Lisa Villwok ("Officer Villwok") was a police officer employed by the City of Omaha, Nebraska. Officer Villwok's badge number is 1764. At all relevant times, Villwok was acting within the course and scope of her employment with the City of Omaha.

3. At all times relevant hereto, defendant Jennifer Hansen ("Officer Hansen") was a police officer employed by the City of Omaha, Nebraska. Officer Hansen's badge number is 1585. At all relevant times, Officer Hansen was acting within the course and scope of her employment with the City of Omaha.

4. The City of Omaha is a political subdivision organized under the laws of the State of Nebraska.

JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the matters raised in Plaintiff's Second Amended Complaint pursuant to 42 U.S.C. § 1983.

6. Venue is proper in this District because the acts occurred in Omaha, Douglas County, Nebraska.

FACTUAL BACKGROUND

7. In the morning hours of Friday, July 17, 2015, Plaintiff was asleep in a home located at 1915 Emmet Street, Omaha, NE 68111 ("Residence").

8. Plaintiff did not own the Emmet Street Residence and was not a lessee of the Residence.

9. Around 8:00 a.m., officers from the Omaha Police Department Gang Unit and Narcotics Unit, including Detective Chris Brown (#1873) ("Detective Brown"), served and executed a no-knock search warrant of the residence.

10. Detective Brown requested a no-knock because, based on his experience and knowledge, "if officers were to knock and announce their presence and purpose, the evidence being sought could easily be destroyed by flushing it down the toilet, sink and/or by swallowing it." (Affidavit and Application for Issuance of a Search Warrant," p. 2).

11. Detective Brown also requested that the Search Warrant extend to Plaintiff's 'person' because a Confidential Informant informed OPD officers that Plaintiff allegedly concealed narcotics "in her bra." (Villwok Report, p. 2).

12. Detective Brown, who was wearing tactical gear, gained access to the residence by using a ram to break open the door.

13. Plaintiff was in the home with four of her children, whose ages ranged from 10-19 years of age, and an adult niece (collectively, the "Other Occupants").

14. After police officers forced their way into the residence, they burst into the upstairs north bedroom, where Plaintiff was sleeping with one of her children. Plaintiff was found to be in the bed and "still hooked to an oxygen machine with a tube being used to her facial area." (Hansen Report, p. 2).

15. The Other Occupants were ordered to congregate in the same room downstairs while officers executed the search warrant. One of the Other Occupants was Plaintiff's then fourteen-year old son, who suffers from Muscular Dystrophy. Due to his medical condition, officers had to physically carry the 14 year old from an upstairs bedroom so he could be placed with the rest of the Other Occupants.

16. "The execution of the search warrant took over thirty minutes." (Order re Motion to Suppress and Motion in Limine, District Court of Douglas County, Case No. CR 16-928, p.1).

17. While Plaintiff was still in the north bedroom, Hansen was advised that Plaintiff was "named to be searched" in the warrant.

18. Hansen searched Plaintiff, but did not locate any illegal items.

*The Warrantless Strip and Visual Cavity Searches*

19. Despite finding no contraband on Plaintiff, Officer Hansen commented that she could not be certain that Plaintiff did not have any contraband unless she performed a strip search of Plaintiff. (*Id.*).

20. At no time did Plaintiff knowingly, freely and voluntarily consent to be searched.

21. Since there was no bathroom in the north bedroom, Officer Hansen took Plaintiff to the downstairs bathroom to conduct a strip search.

22. Once inside the bathroom, Officer Hansen gave Plaintiff "specific and detailed instructions" regarding the search.

23. At some point in time, Officer Villwok also came into the bathroom during the strip search.

24. In addition to searching Plaintiff's person after Plaintiff removed her clothing, Officers Hansen and Villwok also performed a visual cavity search of Plaintiff's genitals and rectum.

25. OPD's guidelines recognize that "a body cavity search is highly invasive of personal privacy and is reasonable only where the suspected offense is of a serious nature and/or poses a threat to the safety of the officers or others." For this reason, OPD guidelines require that body cavity searches "not be conducted without a warrant approved and authorized by a Judge."

26. No illegal evidence or contraband was found on or in Plaintiff's person.

*The Criminal Proceedings Against Plaintiff*

27. After Officers Hansen and Villwok invaded Plaintiff's privacy, and performed a warrantless and unconstitutional search of her, Detective Brown pulled Plaintiff aside to interrogate her. He did so without first advising Plaintiff of her rights. See *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

28. Several months after the search warrant was executed, the State of Nebraska issued an arrest warrant for Plaintiff based on alleged drug residue found on a spoon in the residence. Plaintiff was charged with Possession of a Controlled Substance (Cocaine), a Class IV felony.

29. The criminal case was filed on or about March 29, 2016, in the District Court of Douglas County, Nebraska, Case No. CR 16-928 (the "Criminal Case").

30. In the Criminal Case, Plaintiff filed a Motion to Suppress and Motion in *Limine* to exclude alleged self-incriminating statements (collectively, "Motions").

31. During the hearing on Plaintiff's Motions, the State of Nebraska conceded Plaintiff was in Detective Brown's "custody" even though she had not been arrested. Despite this, Detective Brown did not advise Plaintiff of her rights.

32. On November 18, 2016, the Douglas County District Court entered an order granting Plaintiff's Motions ("the Order").

33. A substantial part of the Douglas County District Court's analysis was premised on the fact that Plaintiff's alleged statements occurred just after Plaintiff "was subjected to a 'cavity search' by two female police officers in a bathroom at the home." (Order, p. 4). Indeed, the Court refers to the "cavity search" no fewer than seven (7) times in its seven page order.

34. On November 30, 2016, within weeks of the Douglas County District Court's Order, the State of Nebraska dismissed the criminal charges against Plaintiff without prejudice.

## CAUSE OF ACTION

*42 U.S.C. § 1983*

35. Plaintiff re-states and re-alleges the foregoing paragraphs as if fully set forth herein.

36. Plaintiff brings this action against Officers Villwok and Hansen in their individual capacities.

37. The City of Omaha is a political subdivision of the State of Nebraska, so at all times relevant hereto Officers Villwok and Hansen were acting under color of state law in their capacities as law enforcement officers for the City of Omaha Police Department.

38. The Fourth Amendment to the United States Constitution affords Plaintiff the right to be free from unreasonable searches and seizures by state officers. *New Jersey v. T.L.O.*, 469 U.S. 325, 334 (1985). The Fourth Amendment is applied to the states and its actors through the Fourteenth Amendment. *Id*.

39. While the Fourth Amendment does not specify when a warrant is needed, the U.S. Supreme Court " 'has inferred that a warrant usually must be secured.' " (Memorandum and Order, Filing No. 85, p. 9 (quoting *Birchfield v. North Dakota*, __ U.S. __, 136 S.Ct. 2160 (2016)).

40. Although OPD obtained a warrant to search Plaintiff's "person," the law was clearly established prior to July 17, 2015, that such a warrant did not authorize law enforcement personnel to perform a strip or body cavity search of the individual who is the subject of the warrant. *United States v. Nelson*, 36 F.3d 758, 760 (8th Cir. 1994) ("the search warrant for [the defendant's] 'person' was not sufficient to authorize a body cavity search"). Therefore, the warrantless strip and body cavity searches of Plaintiff were unreasonable, without probable cause, and violated Plaintiff's Fourth Amendment rights.

41. Plaintiff is entitled to be fairly and justly compensated for Defendants' violation of Plaintiff's constitutional rights.

42. As a direct and proximate result of Defendants' unlawful search, Plaintiff has suffered damages, including but not limited to nominal damages, as a result of her embarrassment, humiliation and other emotional and pecuniary harm.

RELIEF REQUESTED

WHEREFORE, Plaintiff requests the following relief from this Court:

1. Compensatory damages against each Defendant, jointly and severally (or in the alternative nominal damages);

2. Punitive damages against each Defendant;

3. Reasonable attorney fees and costs;

4. Such other relief as the Court may deem just and proper.

>VERONICA VALENTINE, Plaintiff
>
>By: s/ Cathy S. Trent-Vilim
>Cathy Trent-Vilim, #22489
>LAMSON, DUGAN & MURRAY, LLP
>10306 Regency Parkway Drive
>Omaha, NE 68114
>Tel: (402) 397-7300
>Fax: (402) 397-7824
>ctrent-vilim@ldmlaw.com
>*ATTORNEYS FOR PLAINTIFF*

### CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December, 2017, a true and correct copy of the foregoing Second Amended Complaint was filed with the Clerk of Court using the CM/ECF filing system, which sent electronic notice to the following counsel of record:

>Timothy G. Himes, Sr.
>Assistant City Attorney
>1819 Farnam Street, Suite 804
>Omaha, NE 68183
>(402) 444-5115
>Timothy.himes@cityofomaha.org
>*ATTORNEYS FOR CITY DEFENDANTS*

>s/ Cathy S. Trent-Vilim
>Cathy S. Trent-Vilim